IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| STERLING CONLEY, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 4:22-CV-00001-ALM-CAN |
| v. | § | |
| | § | |
| BMI, ET AL., | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is Defendant Concord Music Group, Inc.'s Motion to Dismiss or, Alternatively Motion for More Definite Statement [Dkt. 23]. After reviewing the Motion to Dismiss, and all other relevant filings, the Court recommends Defendant's Motion [Dkt. 23] be **DENIED WITHOUT PREJUDICE TO REFILING**, as set forth herein.

**BACKGROUND**

On January 3, 2022, *pro se* Plaintiff Sterling Conley ("Plaintiff") initiated the instant lawsuit through the filing of his Original Complaint [Dkt. 1]. Subsequently, on January 26, 2022, Plaintiff filed an amended complaint naming Defendant Concord Music Group ("Defendant" or "Concord Music Group") among forty-one other defendants [Dkt. 6]. Plaintiff's Amended Complaint remains difficult to understand; Plaintiff purports to bring "criminal copyright infringement" charges against the defendants for their unauthorized use of copyrights related to the estate of Mississippi John Hurt, a musician [Dkt. 6 at 3].

On March 10, 2022, the Court issued a Notice of Impending Dismissal, reminding Plaintiff of his obligation to serve defendants within ninety (90) days from the date he filed his lawsuit, pursuant to Rule 4(m), and warning that this case would be dismissed if a verified petition

regarding service was not filed with the Court on or before April 4, 2022 [Dkt. 7]. On March 16, 2022, Plaintiff brought summonses to the Plano Clerk's office to be issued [*see docket generally*]; summons was issued as to twelve (12) of the forty-two (42) defendants, [Dkts. 8; 9; 10; 11; 12; 13; 14; 15; 16; 17; 18; 19], including Concord Music Group [Dkt. 12].[1] No return of service for any defendant has been filed. On March 16, 2022, Plaintiff asked the Court to issue the remaining summons [Dkt. 20 at 2]. The Court denied Plaintiff's request and directed Plaintiff to serve all defendants in this matter no later than Monday, March 6, 2023 [Dkt. 28]. The Court further cautioned Plaintiff that failure to do so would result in a dismissal without prejudice for failure to comply with Rule 4(m) [Dkt. 29 at 4].

On May 29, 2022, Concord Music Group filed its Motion to Dismiss or Alternatively, Motion for More Definite Statement [Dkt. 23]. The Motion to Dismiss urges dismissal is appropriate on 12(b)(5) grounds for failure to properly serve under Federal Rule of Civil Procedure 4 [Dkt. 23 at 2]. More specifically, Concord Music Group alleges that Plaintiff improperly "transmit[ed] (himself) a copy of his amended pleading to Defendant" [Dkt. 23 at 2]. Plaintiff filed a Response to the Motion to Dismiss on June 21, 2022, which does not substantively address the propriety of service; but does provide "I did make contact through UPS, but I now understand the proper delivery of documents" [Dkt. 27 at 2].

## LEGAL STANDARD AND ANALYSIS

Rule 12(b)(5) allows for dismissal based on "insufficient service of process." FED. R. CIV. P. 12(b)(5). A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint based on "insufficient service of process." FED. R. CIV. P. 12(b)(5); *see PCM Sales, Inc. v. Quadbridge, Inc.*, No. 3:14-CV-2806-L, 2016 WL

---

[1] Concord Music Group, Inc. advises that two of the other named-defendants "Rounder Records" and "Sugar Hill" are its affiliated record labels, not legally-distinct entities [Dkt. 23 at 1, n.1].

REPORT AND RECOMMENDATION – Page 2

407300, at *2 (N.D. Tex. Feb. 3, 2016) (quoting 5B WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1353 (footnote omitted)). "'When service of process is challenged, the serving party bears the burden of proving its validity or good cause' for failing properly to effect service." *Shabazz v. City of Houston*, 515 F. App'x 263, 264 (5th Cir. 2013) (per curiam) (quoting *Sys. Signs Supplies v. U.S. Dep't of Just.*, 903 F.2d 1011, 1013 (5th Cir. 1990)).

For service to be effective and withstand a Rule 12(b)(5) motion, a plaintiff must comply with the mandates of Rule 4. "Unless service is waived, proof of service must be made to the court." FED. R. CIV. P. 4(l)(1). Further, "Federal Rule 4(m) permits dismissal of a suit if the plaintiff fails to serve a defendant within 90 days of filing but provides that 'if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.'" *Lahman v. Nationwide Provider Sols.*, No. 4:17-CV-00305, 2018 WL 3035916, at *5 (E.D. Tex. June 19, 2018) (quoting FED. R. CIV. P. 4(m); citing *Gartin v. Par Pharm. Cos.*, 289 F. App'x 688, 692 (5th Cir. 2008)). "[G]ood cause under Rule 4(m) requires at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Id.* (quoting *Gartin*, 289 F. App'x at 692). Importantly, *pro se* litigants are not absolved from compliance with the requirements of Rule 4. *Flander v. Kforce, Inc.*, 526 F. App'x 364, 368 (5th Cir. 2013) (per curiam); *Lyons v. Starbucks Coffee Co.*, No. 3:19-CV-2457-S-BT, 2020 WL 5732638, at *5 (N.D. Tex. Aug. 24, 2020) (recommending dismissal of the plaintiff's claims against a defendant after noting the "plaintiff's *pro se* status does not excuse the failure to properly effect service"), *report and recommendation adopted*, No. 3:19-CV-2457-S-BT, 2020 WL 5710245 (N.D. Tex. Sept. 24, 2020).

Relevant here, "[s]ervice under the Federal Rules may be accomplished on an individual in the United States by delivering the process personally, leaving the service at the individual's

home with 'someone of suitable age and discretion who resides there[,]' delivering a copy to a registered agent, or by any method permitted under state law." *A&P Support, Inc. v. Crucible Ventures Ltd.*, No. 1:15-CV-094-BL, 2017 WL 7048258, at *2 (N.D. Tex. Nov. 17, 2017) (quoting FED. R. CIV. P. 4(e)), *report and recommendation adopted*, No. 1:15-CV-094-C-BL, 2018 WL 557888 (N.D. Tex. Jan. 23, 2018). "Texas []permits service by 'mailing to the defendant by registered or certified mail, return receipt requested,' and other methods with leave of court." *Id*. (quoting TEX. R. CIV. P. 106(a)-(b)). However, both state and federal law prohibit a plaintiff, as a party interested in the outcome, from personally serving process. *Id*.; FED. R. CIV. P. 4(c); TEX. R. CIV. P. 103.

Defendant argues that dismissal is appropriate under Rule 12(b)(5) because Plaintiff "failed to comply with the service requirements of Fed. R. Civ. P. 4 by, among other things, transmitting (himself) a copy of his amended pleading to Defendant at an address in Beverly Hills, California via UPS" [Dkt. 23 at 2]. It is undisputed that Plaintiff, himself, mailed Defendant a copy of his amended pleading [Dkt. 23-1]. As an interested party to this lawsuit, Plaintiff cannot serve Defendant via the mail; thus, Defendant has not been properly served. *See Lohr v. Express Jet Airlines, Inc.*, No. H-20-3399, 2020 WL 7323360, at *1 (S.D. Tex. Dec. 11, 2020) ("it appears that Plaintiff personally mailed the summons and complaint to Defendant … As a result, Plaintiff has failed to effect proper service of the summons and complaint under Rule 4 of the Federal Rules of Civil Procedure."); *see also Smith v. Hittner*, No. 4:21-cv-3079, 2021 WL 6005708 (S.D. Tex. Nov. 29, 2021) (finding defendants were not properly served where pro se plaintiff mailed attempted to serve defendants by mail), *report and recommendation adopted*, No. 4:21-cv-30079, 2021 WL 5999287 (S.D. Tex. Dec. 20, 2021).

Plaintiff, appearing *pro se*, seemingly concedes service is defective and expresses that he now understands why service is defective [Dkt. 27]. It is rare to dismiss "a cause due to the failure to properly serve a defendant"; normally, the Court only resorts to dismissal "after multiple chances were given." *Styles v. McDonalds Restaurant*, Cause No. 4:17-cv-791, Dkt. 56 (E.D. Tex. July 24, 2019) (Mazzant, J.) (court declined to dismiss case under Rule 12(b)(5) until "Plaintiff failed to properly serve Defendant after multiple opportunities and failed to demonstrate good cause for such failure."); *see also Bowling v. Childress-Herres*, No. 4:18-CV-610-ALM-CAN, 2019 WL 4463450, at *6 (E.D. Tex. Aug. 7, 2019) (providing the plaintiff multiple opportunities to serve the defendant), *report and recommendation adopted*, No. 4:18-CV-610, 2019 WL 4451122 (E.D. Tex. Sept. 17, 2019); *Moskovits v. Mercedes-Benz Fin. Servs. USA, LLC*, No. 4:21-CV-2260, 2022 WL 3969547, at *13 (S.D. Tex. July 18, 2022) ("Despite this failure, '[t]he Court rarely dismisses a case due to the failure to properly serve a defendant' and '[o]n occasions where the Court has granted dismissal for improper service, it was only after *multiple* chances were given.") (quoting *Coleman v. Carrington Mortgage Servs., LLC*, No. 4:19-CV-00231-ALM-CAN, 2020 WL 4723174, at *5 (E.D. Tex. July 27, 2020) (internal quotation marks omitted)), *report and recommendation adopted*, No. 4:21-CV-02260, 2022 WL 3998507 (S.D. Tex. Aug. 31, 2022). As to the remaining defendants, the Court has already permitted Plaintiff until March 6, 2023, to complete service. Specifically, on February 1, 2023, the Court denied Plaintiff's motion requesting the Court to serve, providing the following:

> …The Court declines to serve but grants Plaintiff an additional thirty (30) days to effectuate service. *Id.* ("In the event that a plaintiff fails to meet the rule's time requirement, a district court may either dismiss the action without prejudice ... or direct that service be effected within a specified time."). <u>This action will be recommended for dismissal without prejudice unless Plaintiff completes service of process within this time</u>. Accordingly,

> It is therefore **ORDERED** that Plaintiff Sterling Conley's Motion Requesting [the Court] to Serve Summons [Dkt. 20] is **DENIED**. Plaintiff is responsible for serving process in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court. The Clerk of Court shall mail to Plaintiff a summons form. Plaintiff is reminded that he must fully complete the form for each Defendant for the Clerk of Court to issue summons.
>
> It is further **ORDERED** that Plaintiff has until *Monday, March 6, 2023*, to perfect service. Any defendant not served within this time period will be dismissed from the lawsuit without prejudice for Plaintiff's failure to comply with Rule 4(m).

[Dkt. 29 at 3-4]. Accordingly, the Court recommends that Plaintiff similarly be permitted until March 6 to properly serve Defendant Concord Music Group, Inc. *See James Roa v. City of Denison*, 4:18-CV-168-ALM-CAN, 2019 WL 1306212, at *12-13 (E.D. Tex. Feb. 18, 2019), *report and recommendation adopted*, 4:18-CV-168, 2019 WL 1411248 (E.D. Tex. Mar. 28, 2019) (citing *United States v. Ewing*, 4:13-CV-530, 2015 WL 1433552, at *3 (E.D. Tex. Mar. 30, 2015)).

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the Court recommends Defendant Concord Music Group, Inc.'s Motion to Dismiss or, Alternatively Motion for More Definite Statement [Dkt. 23] be **DENIED WITHOUT PREJUDICE TO REFILING.** Plaintiff Sterling Conley is directed to serve Defendant Concord Music Group, Inc. no later than *Monday, March 6, 2023* [Dkt. 29].

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 7th day of February, 2023.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE