IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| STERLING CONLEY, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 4:22-CV-00001-ALM-CAN |
| v. | § | |
| | § | |
| BMI, ET AL., | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

On January 3, 2022, *pro se* Plaintiff Sterling Conley ("Plaintiff") initiated the instant suit through the filing of his Complaint [Dkt. 1]. Plaintiff paid the full filing fee in this cause on January 7, 2022 [*see* docket generally]. On March 10, 2022, the Court issued a Notice of Impending Dismissal, reminding Plaintiff of his obligation to serve Defendants within ninety (90) days from the date he filed his lawsuit, pursuant to Rule 4(m), and warning that this case would be dismissed if Defendants were not served or a verified petition regarding service of process was not filed with the Court on or before April 4, 2022 [Dkt. 7]. On March 16, 2022, summons were issued for only twelve (12) of the forty-two (42) named Defendants [Dkts. 8; 9; 10; 11; 12; 13; 14; 15; 16; 17; 18; 19]. On that same date, Plaintiff filed a "Motion Requesting to Serve Summons," which provides the singular statement: "My name is Sterling Conley Hurt I'm requesting the Court issue the summons" [Dkt. 20 at 2]. The Court denied the Motion to the extent it requested the Court serve process on his behalf [Dkt. 29]. The Court directed Plaintiff to serve process in accordance with the Federal Rules of Civil Procedure and the Local Rules using the summons form provided by the Clerk of Court, warning that "Plaintiff is reminded that he must fully complete the form for each Defendant for the Clerk of Court to issue summons" [Dkt. 29 at 4].

The Court *sua sponte* extended Plaintiff's deadline to complete service, permitting Plaintiff until March 6, 2023 to properly serve Defendants [Dkt. 29 at 2]. The Court warned Plaintiff, "[a]ny defendant not served within this time period will be dismissed from the lawsuit without prejudice for Plaintiff's failure to comply with Rule 4(m)" [Dkt. 29 at 2]. Plaintiff acknowledged receipt of the Court's Order on February 10, 2023 [Dkt. 31]. To date, no returns of service have been filed.

Defendant Concord Music Group ("Concord")[1] has appeared in this cause and moved to dismiss under Rule 12(b)(5) for insufficient service of process and to request a more definite statement [Dkt. 23]. In its report and recommendation, the Court denied Concord's motion without prejudice to refiling and directed Plaintiff to properly serve Concord no later than March 6, 2023 [Dkt. 30 at 6]. Plaintiff acknowledged receipt of the report on February 21, 2023 [Dkt. 32]; no objections to the report were filed, and U.S. District Judge Amos L. Mazzant, III, adopted the report of the undersigned on March 8, 2023 [Dkt. 33].

Notwithstanding, to date, Plaintiff has taken no further action to properly effectuate service of process for each Defendant. Plaintiff did not request summons for the approximately thirty (30) Defendants for whom summons were never even issued, and Plaintiff has failed to properly serve Concord following issuance of the aforementioned report and recommendation as well. Far more than 90 days have passed from the date of filing of the Complaint, and the Court has at least twice extended the deadline for service in consideration of Plaintiff's *pro se* status.

It is undisputed that "[b]efore a[] federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). Service of process in a federal action is governed generally by Rule 4 of the Federal Rules of Civil Procedure. More specifically, "Federal

---

[1] Concord moved to dismiss also on behalf of named purported defendants Rounder Records and Sugar Hill Records, which Concord contends are the names of affiliated record labels and not legally-distinct entities [Dkt. 23 at 1 & n.1].

Rule 4(m) permits dismissal of a suit if the plaintiff fails to serve a defendant within 90 days of filing but provides that 'if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.'" *Lahman v. Nationwide Provider Sols.*, No. 4:17-CV-00305, 2018 WL 3035916, at *5 (E.D. Tex. June 19, 2018) (quoting FED. R. CIV. P. 4(m); citing *Gartin v. Par Pharm. Cos.*, 289 F. App'x 688, 692 (5th Cir. 2008)). "[G]ood cause under Rule 4(m) requires at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Id.* (quoting *Gartin*, 289 F. App'x at 692). Importantly, *pro se* litigants are not absolved from compliance with the requirements of Rule 4. *Flander v. Kforce, Inc.*, 526 F. App'x 364, 368 (5th Cir. 2013) (per curiam); *Lyons v. Starbucks Coffee Co.*, No. 3:19-CV-2457-S-BT, 2020 WL 5732638, at *5 (N.D. Tex. Aug. 24, 2020) (recommending dismissal of the plaintiff's claims against a defendant after noting the "plaintiff's *pro se* status does not excuse the failure to properly effect service"), *report and recommendation adopted*, No. 3:19-CV-2457-S-BT, 2020 WL 5710245 (N.D. Tex. Sept. 24, 2020).

In this case, the 90-day deadline for Plaintiff to complete service of process has long since expired. Plaintiff has been warned about complying with the requirements of Rule 4, and the Court has given Plaintiff ample opportunity to complete service [*See, e.g.*, Dkts. 7; 29]. No summons have been issued for the majority of Defendants, no returns of service have been filed, and having been advised of the defects in service upon Concord, Plaintiff has taken no efforts to cure such deficiencies. The record does not evidence that good cause exists to provide Plaintiff any additional extension of time for service beyond the extensions already granted. It is true that, "[d]espite this failure, '[t]he Court rarely dismisses a case due to the failure to properly serve a defendant' and '[o]n occasions where the Court has granted dismissal for improper service, it was

only after *multiple* chances were given." *Moskovits v. Mercedes-Benz Fin. Servs. USA, LLC*, No. 4:21-CV-2260, 2022 WL 3969547, at *13 (S.D. Tex. July 18, 2022) (quoting *Coleman v. Carrington Mortgage Servs., LLC*, No. 4:19-CV-00231-ALM-CAN, 2020 WL 4723174, at *5 (E.D. Tex. July 27, 2020) (internal quotation marks omitted)), *report and recommendation adopted*, No. 4:21-CV-02260, 2022 WL 3998507 (S.D. Tex. Aug. 31, 2022). Multiple chances have been given in this case. S*ee Stewart v. City of Irving*, No. 3:17-CV-3296-G-BK, 2018 WL 2323257, at *1 (N.D. Tex. Apr. 16, 2018) (recommending dismissal under Rule 4(m) for failing to serve or respond to the court's notice of impending dismissal), *report and recommendation adopted*, No. 3:17-CV-3296-G (BK), 2018 WL 10435253 (N.D. Tex. May 1, 2018); *Ceaser v. United States*, No. 1:18-CV-560, 2019 WL 2112993, at *1 (E.D. Tex. Mar. 28, 2019) (same), *report and recommendation adopted sub nom. Ceaser v. United States*, No. 1:18-CV-560, 2019 WL 2114026 (E.D. Tex. May 13, 2019). Because good cause does not exist to again extend the time period for service any further, the Court recommends this case be dismissed without prejudice under Federal Rule of Civil Procedure 4(m).[2]

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the Court recommends that this case be **DISMISSED WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 4(m).

---

[2] Dismissal is fully within the Court's discretion where, as here, the Court quashed service in response to Concord's Motion and granted Plaintiff additional time to cure the defects and effectuate service; whether under Rule 4(m) or under Rule 41(b) for failure to comply with an order of the Court, dismissal is warranted where Plaintiff has already been provided multiple chances. *See Wright v. LBA Hosp.*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (citing *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991)) (affirming dismissal under Rule 41(b) where "[t]he district court had warned Wright of the consequences and 'allowed [her] a second chance at obtaining service.' Wright disregarded that clear and reasonable order."); *Fox v. Mississippi*, 551 F. App'x 772, 775 (5th Cir. 2014) (citing *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998) ("A district court *sua sponte* may dismiss an action for failure to prosecute or to comply with a court order.")) ("After Defendants challenged the service, the district court granted Fox an extension of time to properly serve the Defendants . . . . Despite additional extensions, Fox failed to serve [defendants] . . . . The district court thus properly dismissed Fox's claims against [defendants] pursuant to Rule 41(b).").

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 18th day of May, 2023.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE